UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHEX SYSTEMS, INC.,
a Minnesota Corporation,

    Plaintiff,

v.                      CASE NO:   8:10-cv-2465-T-33MAP

DP BUREAU, LLC, a Florida limited
liability company, and CL VERIFY,
LLC, a Florida limited liability
company,

    Defendants.
_____/

CL VERIFY, LLC,

    Counterclaim Plaintiff,

v.

CHEX SYSTEMS, INC.,

    Counterclaim Defendant.
_____/

CL VERIFY, LLC,

    Third-Party Plaintiff,

v.

GUNSTER, YOAKLEY & STEWART, P.A.,
DAVID M. WELLS, MARTIN ROMAIN,
and MARK O. WILHELM, II,

    Third-Party Defendants.
_____/

## **ORDER**

    This cause comes before the Court pursuant to CL Verify's

Motion to Transfer Venue to the United States District Court for the District of New Jersey (Doc. # 40) and Third-Party Defendants Martin Romain and Mark O. Wilhelm, II's Motion for Leave to File Motion for Sanctions Against Plaintiff CL Verify, LLC (Doc. # 44). Chex Systems, Inc., Gunster, Yoakley & Stewart, P.A., David M. Wells, Martin Romain, and Mark O. Wilhelm, II have filed a Memorandum in Opposition to the Motion to Transfer Venue (Doc. # 42). CL Verify filed an Opposition to the Motion for Leave to File Motion for Sanctions Against It (Doc. # 47). For the reasons that follow, the Motion to Transfer Venue is granted and the Motion for Leave to File Motion for Sanctions is denied.

I. **Background**

On November 4, 2010, Chex filed a Complaint against CL Verify and DP Bureau, LLC. (Doc. # 1). In the Complaint, Chex asserts a claim against CL Verify for breach of the Resale Agreement ("CL Verify Resale Agreement") with Chex based on: (i) the Defendants' alleged failure to obtain prior written authorization from Chex before assigning certain end user agreements to other resellers, i.e., MicroBilt (Doc. # 1 at ¶¶ 17-22); (ii) the Defendants' alleged failure to contribute certain information to Chex and to obtain each end user's written consent for such data contribution (Doc. # 1 at

2

¶¶ 23-29); and (iii) CL Verify's purported failure to pay outstanding invoices to Chex (Doc. # 1 at ¶¶ 30-38).

On November 29, 2010, CL Verify and DP Bureau filed their Answer and Affirmative Defenses to Chex' Complaint as well as CL Verify's Counterclaim against Chex and a Third-Party Complaint against Gunster, Yoakley & Stewart, P.A., David M. Wells, Martin Romain, and Mark O. Wilhelm, II.  (Doc. # 9).

In its Counterclaim, CL Verify alleges that through a series of corporate transactions, including a merger, CL Verify and its subsidiary, CL Verify Credit Solutions, LLC ("Solutions"), became wholly owned subsidiaries of MicroBilt on August 31, 2010, and that Chex began to refuse MicroBilt's requests for "sub codes" for end users of CL Verify and Solutions in mid-October 2010. (Doc. # 9 at ¶¶ 20 & 28).  CL Verify alleges that such failure breached the Microbilt-Chex contract (the "MicroBilt Resale Agreement") and damaged CL Verify and Solutions as third-party beneficiaries of the MicroBilt Resale Agreement. (Id. at ¶ 32).  CL Verify further alleges that by publishing information regarding the end users of CL Verify and Solutions in connection with its Complaint, Chex has tortiously interfered with the business relationships of CL Verify and Solutions with their end users, violated Florida's Uniform Trade Secrets Act ("UTSA"), and that the

violation of the UTSA was willful and malicious. (Id. at ¶¶ 34-37, 39-44). In the Third-Party Complaint, CL Verify contends, *inter alia*, that the Third-Party Defendants misappropriated the trade secret of CL Verify and Solutions in violation of Florida's UTSA and that the violation of the UTSA was willful and malicious. (Id. at ¶¶ 5-9).

On February 17, 2011, CL Verify filed a motion to amend its Counterclaim seeking to add the Third-Party Defendants as additional parties to the Counterclaim pursuant to Federal Rules of Civil Procedure 13(h) and 20. Therein, CL Verify recognized that it had erred in fashioning its claims against the Third-Party Defendants as a Third-Party Complaint in that the Federal Rules of Civil Procedure allow for the filing of third-party complaints only for a claim of indemnification or contribution for the damages alleged against the defendants by the plaintiff. (Doc. # 27).

On March 18, 2011, MicroBilt filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and, on March 23, 2011, CL Verify filed a voluntary petition for relief under chapter 11. The two bankruptcy cases have been consolidated. MicroBilt and CL Verify continue to operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy

4

Code.  On March 24, 2011, CL Verify filed its Suggestion of Bankruptcy with the Court advising this Court of the filing of its bankruptcy petition.  (Doc. # 37).

On March 30, 2011, this Court entered its Order staying the civil action as to CL Verify pursuant to the provisions of 11 U.S.C. § 362.  (Doc. # 38).

II.  **Motion to Transfer**

CL Verify seeks entry of an order pursuant to 28 U.S.C. §§ 1412 and 1404(a)[1] transferring venue of this civil action to the New Jersey District Court for automatic referral to the United States Bankruptcy Court for the District of New Jersey to be adjudicated as an adversary proceeding in CL Verify's chapter 11 bankruptcy case.

This civil action is related to CL Verify and MicroBilt's consolidated chapter 11 case pending in the New Jersey

---

[1] Courts within the Eleventh Circuit consider 28 U.S.C. § 1412 to be the appropriate authority under which a federal court may transfer a proceeding related to a bankruptcy proceeding to the district in which the bankruptcy court sits. See In re Bruno's, Inc., 227 B.R. 311, 323 (N.D. Ala. 1998); In re Harnischfeger Indust., Inc., 246 B.R. 421, 434-35 (Bankr. N.D. Ala. 2000).  Some other courts consider 28 U.S.C. § 1404 to be the proper authority for this determination.  See id.  The determination whether to transfer venue under 28 U.S.C. § 1412, however, requires the same analysis as under 28 U.S.C. § 1404(a).  See In re Emerson Radio Corp., 52 F.3d 50, 55 (3d Cir. 1995).

5

Bankruptcy Court.[2]  This case involves issues related to purported defaults under the CL Verify Resale Agreement between CL Verify and Chex, as well as CL Verify's claim for injury against Chex as a third-party beneficiary of the MicroBilt Resale Agreement.[3]  These matters represent the primary assets and liabilities of the CL Verify bankruptcy estate.  As such, the claims of this civil action are within the jurisdiction of the Bankruptcy Court and have a clear and direct impact on property of the bankruptcy estate under 11 U.S.C. § 541 and the administration of the bankruptcy estate.  Accordingly, the interests of justice mandate that venue be transferred to the New Jersey District Court where it may be referred to the New Jersey Bankruptcy Court.  As such, the Motion to Transfer Venue (Doc. # 40) is granted.

---

[2]A related civil action pending before this Court involving MicroBilt has already been transferred to the New Jersey District Court for automatic referral to the United States Bankruptcy Court for the District of New Jersey.  See Doc. # 32, MicroBilt Corp. v. Chex Sys., Inc., No. 8:10-cv-2921-T-33EAJ.

[3]Pursuant to 28 U.S.C. § 157(b)(2)(B), the "allowance or disallowance of claims against the estate" is a core proceeding under the Bankruptcy Code as are "counterclaims by the estate against persons filing claims against the estate" pursuant to 28 U.S.C. § 157(b)(2)(C).  Chex has filed a proof of claim in the CL Verify bankruptcy case related to the CL Verify Resale Agreement, and the determination of Chex' claims and CL Verify's counterclaim are core issues.

**III. Motion for Leave to File Motion for Sanctions**

Third-party Defendants Martin Romain and Mark O. Wilhelm, II seek leave to file a motion for sanctions against CL Verify, LLC for not dismissing or withdrawing its claims against the movants in the Third-Party Complaint.

While the Eleventh Circuit has not directly addressed the issue, movants argue that a proceeding to impose sanctions under Rule 11 is exempt from the automatic stay provided by § 362(a) of the Bankruptcy Code because it represents an exercise of governmental police or regulatory power. See 11 U.S.C. § 362(b)(4); see also Alpern v. Lieb, 11 F.3d 689, 690 (7th Cir. 1993).

CL Verify does not dispute this contention asserted by the movants, but instead argues that this motion is premature because it is a violation of Rule 11(c)(2) in that no proposed motion has been served or is attached to the instant motion and because CL Verify offered to dismiss the challenged pleading in exchange for limited discovery regarding the movants' liability and conduct.

Rule 11 expressly sets forth the safe harbor procedures that must be followed before sanctions will be imposed:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule

7

> 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2). The procedural requirements of Rule 11 are strictly construed because of the penal nature of the rule. Robinson v. Alutiq-Mele, LLC, 643 F. Supp. 2d 1342, 1350 (S.D. Fla. 2009).

Indeed, because the movants have not served CL Verify with the motion for sanctions as required by Rule 11, the Court finds the motion for leave to file a motion for sanctions to be premature. In addition, as discussed below, the Court finds it appropriate to decline supplemental jurisdiction over these remaining claims, and, as such, these claims are being dismissed. Accordingly, the Motion for Leave to File Motion for Sanctions (Doc. # 44) is denied.

**IV. Supplemental Jurisdiction**

This Court has determined that this case should be transferred to the New Jersey District Court where it may be referred to the New Jersey Bankruptcy Court. Included in this transfer is Chex's complaint against CL Verify and DP Bureau as well as CL Verify's Counterclaim against Chex. (Doc. ##

8

1 & 9). This leaves CL Verify's Third-Party Complaint remaining before the Court.

The Third-Party Complaint sues four parties, none of whom were parties to the original action brought by Chex against CL Verify and DP Bureau. Gunster is a Florida law firm that represents Chex in its suit against CL Verify and DP Bureau. (Doc. # 9, Third-Party Complaint at ¶ 11). Wells is an attorney employed by Gunster, who represents Chex in this suit. (Id. at ¶¶ 2, 12). Romain and Wilhelm are alleged to be employees of Chex. (Id.). The parties are in agreement that a Third-Party Complaint is not the proper pleading by which to bring the claims alleged. The parties are also in agreement that CL Verify's claims against the Third-Party Defendants should have been brought as counterclaims. This Court need not consider whether to allow CL Verify to amend its Counterclaim to allege these remaining claims as the Court declines to exercise its supplemental jurisdiction over the claims.[4]

---

[4]There is clearly no federal question or diversity jurisdiction alleged in the Third-Party Complaint. (Doc. # 9). These claims, at best, would constitute permissive counterclaims under Federal Rule of Civil Procedure 13(b) because they did not arise out of the same transaction or occurrence that precipitated Chex's claim. Subsequent to the enactment of the supplemental jurisdiction statute, 28 U.S.C. § 1367, in 1990, some federal courts have held that even

Federal court jurisdiction over pendent state law claims is governed by 28 U.S.C. § 1367, which provides that

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).  Under § 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if- ... (3) the district court has dismissed all claims over which it has original jurisdiction."

This Court has transferred all the claims over which it had original jurisdiction to the New Jersey District Court and declines to exercise supplemental jurisdiction over the remaining state law claims.  Accordingly, the state law claims contained in the Third-Party Complaint are dismissed.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   CL Verify's Motion to Transfer Venue to the United States District Court for the District of New

---

permissive counterclaims may fall within the scope of the supplemental jurisdiction statute if they are "part of the same case or controversy as the original claim."  See Barr v. Hagan, 322 F. Supp. 2d 1280, 1284 (M.D. Ala. 2004)(internal quotations and citations omitted).  "The Eleventh Circuit has not yet addressed this issue."  Id.

10

        Jersey (Doc. # 40) is **GRANTED.**

(2) The Clerk is directed to transfer this action to the New Jersey District Court for automatic referral to the United States Bankruptcy Court for the District of New Jersey with the exception of the Third-Party Complaint against Gunster, Yoakley & Stewart, P.A., David M. Wells, Martin Romain, and Mark O. Wilhelm, II.

(3) Chex Systems, Inc., Gunster, Yoakley & Stewart, P.A., David M. Wells, Martin Romain, and Mark O. Wilhelm, II's Motion to Reconsider Non-Final Order Granting Stay, or, Alternatively, to Partially Lift Stay (Doc. # 39) is **DENIED AS MOOT.**

(4) Martin Romain and Mark O. Wilhelm, II's Motion for Leave to File Motion for Sanctions (Doc. # 44) is **DENIED.**

(5) CL Verify, LLC and DP Bureau's Consented Motion for a Status Conference (Doc. # 45) is **DENIED AS MOOT.**

(6) This Court declines to exercise its supplemental jurisdiction as to the Third-Party Complaint. The Third-Party Complaint (Doc. # 9) is dismissed without prejudice.

11

(7) The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of November, 2011.

<em>[signature]</em><br>
VIRGINIA M. HERNANDEZ COVINGTON<br>
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record